IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD MCCAFFERTY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-3641 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                  APRIL 25, 2008

      Before the court for consideration is plaintiff's brief and statement of issues in support of request for review (Doc. No. 9) and the response and reply thereto (Doc. Nos. 10, 11). The court makes the following findings and conclusions:

      1.      On July 16, 1999, Edward McCafferty ("McCafferty") filed for disability insurance benefits ("DIB") and on July 15, 1999 protectively applied for supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of May 3, 1991. (Tr. 150-52; 172-75). Throughout the subsequent administrative process, including administrative hearings held on September 6, 2000 and November 29, 2000 before an administrative law judge ("ALJ"), McCafferty's claims were denied. (Tr. 4-5; 12-22; 79; 82; 94-96; 100-02). McCafferty appealed the ALJ's decision to the U.S. District Court, which ordered that the case be remanded. (Tr. 749; 756-84). Following the remand, a different ALJ held hearings on July 28, 2004 and October 26, 2004. (Tr. 786-87). During that time period, the State Agency granted McCafferty benefits on his bifurcated SSI claim from July 15, 1999 onward.[1] (Tr. 821; 822; 914 n.1). The ALJ then denied McCafferty's DIB claim and the Appeals Council declined review. (Tr. 728-30; 733-39). McCafferty appealed to this court, which granted the Commissioner's motion for remand. (Tr. 934-35). The ALJ held a hearing on April 3, 2007 and denied McCafferty's DIB claim. (Tr. 910-924). Pursuant to 42 U.S.C. § 405(g), McCafferty filed his complaint in this court on August 31, 2007.

      2.      In his decision, the ALJ concluded that McCafferty had severe impairments consisting of lumbosacral disc disease, diabetes mellitus, diabetic neuropathy, high blood pressure, and obesity. (Tr. 915 ¶ 3; 922 Finding 3).[2] Ultimately, for the time period from May 3, 1991 to March 31, 1996, the ALJ concluded that McCafferty's impairments did not meet or equal a listing, that he had the residual functional capacity ("RFC") to perform unskilled, routine and repetitive, light or sedentary work with a sit/stand option that allows for infrequent climbing, balancing, kneeling, crouching, and crawling and does not require work at heights, near dangerous machinery or stooping to the floor, and that he was not disabled. (Tr. 916 ¶ 4; 920 ¶ 1; 922 ¶ 2; 922 Finding 4; 923 Finding 6; 924 Finding 14).

---

[1] Thus, the question before this court is whether McCafferty was disabled from May 3, 1991 until March 31, 1996, his date last insured.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

3.   The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4.   McCafferty raises numerous arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

A.   McCafferty argues that the ALJ erred in rejecting a finding by his treating physician, Stuart Gordon, M.D. ("Dr. Gordon"). A treating physician is only provided controlling weight when his or her opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). "Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer, 186 F.3d at 429). I note that what a person's residual functional capacity should be is an issue reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance. 20 C.F.R. § 404.1527(e); SSR 96-5p. The ALJ noted that McCafferty's therapy resulted in improvement in his symptoms, the MRI on October 1, 1991 revealed mild degenerative disc disease with mild concentric bulging and very mild posterior bulging, and his relevant physical exams revealed full ranges of motion and full strength with some tenderness and pain. (Tr. 183; 184; 201; 213; 219; 225-27; 500; 503; 553; 615; 918 ¶¶ 1, 3, 4). On July 17, 1992, a one time examiner, Alan Fink, M.D. ("Dr. Fink"), opined that McCafferty could return to full time light work with a sit/stand option. (Tr. 502-04; Tr. 920 ¶ 2). On July 31, 1992, McCafferty's treating doctor, Stuart Gordon, M.D. ("Dr. Gordon") stated that he agreed with Dr. Fink that McCafferty had the ability to perform a light duty job, and noted he had come to that conclusion six months earlier.[3] (Tr. 603; 920 ¶ 2). On August 7, 1992, Dr. Gordon informed McCafferty's attorney that McCafferty was capable of performing light to medium full time work and lifting 40-50 pounds. (Tr. 602; 920 ¶ 2). Four days later, Dr. Gordon filled out a form stating the McCafferty could return to part-time light work and lift up to 40 pounds, which the ALJ rejected as not being supported by the medical evidence. (Tr. 601, 921 ¶ 2).

---

[3]From May of 1991 until February of 1992, Dr. Gordon discussed that McCafferty could not return to his job as a truck driver, the possibility of working part time for his company as a truck driver, McCafferty could perform light duty work with no prolonged sitting or standing, his employer did not have a light duty job available, and that he should start part time work with sitting, standing, and stretching as needed and lifting no more than twenty to thirty pounds. (Tr. 607; 609-11; 613; 616; 617; 620; 622). I note, however, that before the requisite year had passed since McCafferty's accident, Dr. Gordon stated McCafferty could perform a full time light duty job. (Tr. 603).

2

Since Dr. Gordon's opinion on McCafferty's RFC is not entitled to special significance and substantial evidence supported Dr. Fink's opinion and Dr. Gordon's previous opinions, the ALJ did not err in rejecting Dr. Gordon's opinion of August 11, 1992.[4]

           B.     McCafferty alleges that the ALJ erred in giving McCafferty's allegations of extreme pain and severe functional limitations "little to no weight." (Tr. 919 ¶ 5). "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, the ALJ's determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). The ALJ must decide to what extent the symptoms actually limit the claimant's ability to work. See Id. Pursuant to the regulations, the ALJ uses a two pronged analysis to make a credibility determination. See 20 C.F.R. § 404.1529. The ALJ must first determine if there is an underlying medically determinable impairment that could reasonably be expected to produce the alleged symptoms. See 20 C.F.R. § 404.1529(c)(1). If the ALJ finds that such an underlying condition exists, the ALJ must then decide to what extent the symptoms actually limit the claimant's ability to work. See Id.

           The ALJ stated he rejected McCafferty's allegations that exceeded "what the objective evidence and clinical findings could reasonably be expected to produce." (Tr. 919 ¶ 5). In his brief, McCafferty conceded that his testimony at the April 3, 2007 hearing in which he stated he could only sit, stand, or walk for ten minutes at a time during the relevant period, was less likely to be accurate than his statements on February 28, 1992 that he performed his daily living activities, although with some pain, could sit for three hours, stand for thirty to forty minutes, and walk for fifteen minutes at a time. (Tr. 498-501; 960-61). McCafferty alleges the ALJ failed to explain his rejection of McCafferty's testimony, however, the ALJ clearly explained that he dismissed McCafferty's allegations of constant, disabling pain because of the objective medical evidence demonstrated that McCafferty's therapy resulted in improvement in his symptoms, the MRI on October 1, 1991 revealed mild degenerative disc disease, and his physical exams revealed full ranges of motion and full strength with some tenderness and pain during the relevant period. (Tr. 183; 184; 201; 213; 219; 500; 503; 553; 615; 919 ¶ 5). Since substantial evidence supported the ALJ's conclusion, the ALJ did not err in finding McCafferty "not fully credible." (Tr. 919 ¶ 5).

           Additionally, McCafferty claims that this case should be remanded because the ALJ failed to discuss McCafferty's mother's testimony. McCafferty's mother testified at a hearing on November 29, 2000 in front of a different ALJ in what would end up being the second of five hearings. (Tr. 52-78). Clearly, the ALJ erred in failing to discuss his apparent rejection of McCafferty's mother's testimony. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000) (stating that an ALJ must consider and weigh all of the non-medical evidence before him and on remand must address the testimony of additional witnesses); Van Horn v. Schweiker, 717 F.2d 871, 873-874 (3d Cir. 1983) (finding that an ALJ should find that a witness was not credible before wholly disregarding his testimony). However, it is clear that the ALJ would have found McCafferty's mother's testimony not fully credible based on the same objective medical evidence he used to determine McCafferty's testimony was not fully credible. I note that the previous ALJ's rejection of McCafferty's mother's testimony, based on the same objective medical evidence used to discredit McCafferty's testimony, was

---

[4]Although Dr. Gordon's opinions were inconsistent, it was not necessary to remand this case and order to the ALJ to recontact Dr. Gordon to clarify the inconsistency since the opinion was on an issue reserved for the ALJ and substantial evidence supported the ALJ's conclusion. See 20 C.F.R. §§ 404.1512; 404.1527.

found to be supported by substantial evidence in December of 2003 by U.S. Magistrate Judge Scuderi. (Tr. 773-76). Since this case has being going on since 1999, has already been through five hearings, and has been remanded twice, and the ALJ's discussion of McCafferty's mother's credibility would not have changed the outcome of the case, the error is harmless. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (stating that "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

      C. As he did in his previous appeal, McCafferty argues that the ALJ failed to properly evaluate his RFC, specifically by not providing enough explanation, failing to specify the frequency of the sit/stand option, and by expressing McCafferty's mental RFC in terms of skill level. Pursuant to the requirement of SSR 96-8p of a narrative discussion on a function-by-function basis, the ALJ addressed McCafferty's functional limitations by discussing the objective medical evidence, doctors' notes and opinions, McCafferty's daily living activities, and McCafferty's subjective complaints. (Tr. 918 ¶¶ 1-921 ¶¶ 4). Thus, the ALJ followed the dictates of SSR 96-8p. As for the sit/stand option, McCafferty makes the exact same argument that Senior U.S. District Judge Hutton and U.S. Magistrate Judge Scuderi rejected in 2003. McCafferty argues that the ALJ failed to meet the standards of SSR 96-9p, however, as Judge Hutton and Magistrate Judge Scuderi found, SSR 96-9p is inapplicable because it only applies to cases involving a RFC of less than a full range of sedentary work. (Tr. 778 n.15). Additionally, the V.E. specifically discussed each job that could be performed in a sitting or standing position and explained that a few of the jobs would allow McCafferty to switch from sitting to standing and back every ten minutes with a two to three minute stretch every twenty minutes. (Tr. 969-79). However, the ALJ, as discussed *supra*, rejected McCafferty's claim that he had to switch positions every ten minutes. (Tr. 919 ¶ 5). Thus, the sit/stand option adopted by the ALJ clearly means the job can be performed in a seated or standing position with the ability to change positions at will, but without the option to walk away and stretch. As for McCafferty's argument that the ALJ erred in expressing McCafferty's mental RFC in terms of a skill level, the finding at issue is that McCafferty was restricted to routine and repetitive tasks performing unskilled work. (Tr. 920 ¶ 1). The ALJ clearly stated that McCafferty did not have a medically determinable mental impairment and that the nonexertional limitations were intended to accommodate the effects of McCafferty's pain and to avoid activities that exacerbated his symptoms. (Tr. 915 ¶ 4; 920 ¶ 1). As noted *supra*, the ALJ satisfied the dictates of SSR 96-8p with his detailed analysis. (Tr. 918 ¶¶ 1-921 ¶¶ 4). As the ALJ noted, McCafferty's past work experience consisted of unskilled work and he had no transferrable work skills within his RFC, which explains the limitation to unskilled work. (Tr. 923 Findings 10, 11). I find that the four pages of analysis and explanation satisfied the dictates of SSR 96-8p, and thus, are not a basis for remand.

      D. McCafferty asserts that the ALJ erred by not obtaining testimony from a medical expert about McCafferty's onset date for his subsequent SSI claim. An initial determination was made on McCafferty's SSI claim finding him disabled beginning on his protective filing date, July 15, 1999. (Tr. 914 n.1). Pursuant to 20 C.F.R. § 416.1405, an initial determination is binding unless reconsideration is requested during the stated time or the Social Security Administration revises the

initial determination.  There is no evidence before this court that McCafferty appealed the initial determination of his SSI claim or that any such appeal has been considered by an ALJ or the Appeals Council.  Therefore, this issue is not before the court.  Even if the issue were before this court, as with any SSI claim, there is no retroactivity of payment, so McCafferty cannot receive SSI for the time period preceding his protective filing date, which was July 15, 1999.  He is already receiving SSI from July 15, 1999 onward.  I cannot imagine that McCafferty would like his date of disability to be determined to be subsequent July 15, 1999.

       5.    As a result of the above, McCafferty's claims fail and judgment will be entered in favor of defendant.

       An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD MCCAFERTY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-3641 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 25th day of April, 2008, upon consideration of the brief in support of review filed by plaintiff and the response and reply thereto (Doc. Nos. 9, 10, and 11) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.